UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES DISASTER RESPONSE, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-6075** |
| **OMNI PINNACLE, L.L.C. and ST. TAMMANY PARISH** | **SECTION "T"** |

The Cross-defendant, the Parish of St. Tammany, filed a Motion to Dismiss pursuant to FRCP 12(b)(6). The matter was taken under submission by the Court on June 20, 2007. The Court, having considered the record, the evidence submitted, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

**ORDER AND REASONS**

**I.     Background**

    **A.     Factual Background**

On or about September 4, 2005, Cross-defendant St. Tammany Parish ("the Parish") activated a contract it had in place with Omni Pinnacle, L.L.C. ("Omni") for removal of debris ("Debris Removal Contract"). The Debris Removal Contract provides that, upon the Parish's activation of the contract, Omni would determine whether debris on public right-of-way streets and roads in unincorporated areas of the Parish is "eligible" under the Debris Removal Contract

and then clear and remove such "eligible" debris to appropriate dump sites. On or about September 8, 2005, the Parish and Omni amended the Debris Removal Contract to provide for Omni's removal and disposal of vegetative and mixed debris, including the removal of certain hanging limbs, leaning trees, and stumps ("L&H Work"). Omni was to be compensated for its work on a unit-price basis and performed its work through subcontractors, including United States Disaster Response, L.L.C. (UDR).

On or about September 9, 2005, the Parish entered into a contract with Cross-claimant Shaw Environmental & Infrastructure, Inc. ("Shaw") to perform emergency services in connection with Hurricane Katrina (the "Emergency Contract"). On or about September 20, 2005, a written directive was issued under the Emergency Contract expressly stating that Cross-claimant monitor the removal and disposal of debris under the Omni Debris Removal Contract. Effective November 15, 2005, Cross-claimant entered into a second contract with the Parish for debris removal and L&H monitoring work, which superseded the Emergency Contract and was based upon a Request for Proposal issued by the Parish on November 4, 2005.

Cross-claimant alleges that the Parish has failed to pay Cross-claimant in excess of $9 million as required by its contracts. Allegedly, the Parish has also failed to pay Omni in excess of $16 million for services rendered under the Debris Removal Contract.

### B.  Procedural Background

On September 18, 2006, UDR filed the instant matter against Defendants Omni and the Parish, asserting that Omni failed to pay $3,247,397.86 to UDR for work performed by UDR under its subcontract with Omni and asserting claims against the Parish for quantum meruit and unjust enrichment.

On January 17, 2007, the Parish responded to UDR's claims by filing a motion to dismiss on the basis of the Eleventh Amendment immunity and an allegedly mandatory venue provision in its contract with Omni, allegedly incorporated by reference into Omni's contract with UDR.

On February 13, 2007, Omni responded to UDR's Complaint by filing a counterclaim against UDR for attorney's fees, a cross-claim against the Parish for allegedly unpaid invoices in the amount of approximately $16 million, and a third-party demand against Cross-claimant for an unspecified amount. The Parish has not responded to Omni's cross-claim.

The Parish's motion to dismiss UDR's claim was heard on February 28, 2007. Shortly thereafter, the Court denied the Parish's motion. On March 26, 2007, the Parish filed a notice of appeal of that Judgment.

On May 3, 2007, Cross-claimant responded to Omni's third party claim and also asserted a cross-claim against the Parish for unpaid invoices in excess of $9 million for work performed pursuant to its contractual relationship with the Parish, which includes money withheld by the Parish for Cross-claimant's monitoring of the L&H Work performed by Omni and UDR.

The Parish responded to Cross-claimant's cross-claim on May 30, 2007, by filing a motion to dismiss, arguing that the district court does not jurisdiction "to proceed against the Parish pending appeal." *See* Memorandum in Support of Motion to Dismiss, at p. 5. The parties dispute whether an interlocutory appeal in an immunity case divests the district court of jurisdiction with respect to a defendant, the entire case that was appealed, or matters involved in the appeal.

**II.     Arguments by Cross-defendant in Support of its Motion to Dismiss**

Cross-defendant St. Tammany Parish argues that while ordinary interlocutory appeals divest the trial court of jurisdiction only over those issues on appeal, interlocutory appeals based on immunity issues divest the trial court of jurisdiction over any matter in the case concerning the appealing defendant.

To support its claim, Cross-defendant cites *Stewart v. Donges*.[1]  In *Stewart*, the Tenth Circuit noted that interlocutory appeals based on immunity differ from other interlocutory appeals in that "the central issue in the appeal is the defendant's asserted right not to have to proceed to trial."[2]  Therefore, the *Stewart* court stated, in immunity cases where a motion to dismiss the entire proceeding is pending appeal, it is improper to carve out a portion of the case for appeal and proceed with the rest of the case; if the defense is valid, then "no part of the action should proceed against the defendant."[3]

Cross-defendant also cites *Williams v. Brooks*, in which the Fifth Circuit ruled that "the filing of a non-frivolous notice of interlocutory appeal following a district court's denial of a defendant's immunity defense divests the district court of jurisdiction to proceed against that defendant."[4]  *Williams* also points out the uniqueness of interlocutory appeals regarding immunity issues, noting that "immunity, whether qualified or absolute, is an entitlement to be free from the burdens of time-consuming pre-trial matters and the trial process itself."[5]

---

[1] *Stewart v. Donges*, 915 F.2d 572 (10th Cir. 1989).
[2] *Id.* at 575-76.
[3] *Id.*
[4] *Williams v. Brooks*, 996 F.2d 728, 730-31 (5th Cir. 1993), *citing Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992).
[5] *Id.* at 730 n. 2.

Cross-defendant additionally argues that the notion that a federal district court and a federal court of appeal should not attempt to assert jurisdiction over a case simultaneously, noting that it is "fundamental to our hierarchical judiciary system" that a federal district court and federal court of appeal should not assert jurisdiction over a case simultaneously.[6]

### III.  Cross-claimant's Arguments in Opposition to Cross-defendant's Motion to Dismiss

Cross-claimant argues that an interlocutory appeal, unlike a final judgment, divests the trial court of jurisdiction only over matters involved in the appeal and cites, along with other authority, two Fifth Circuit cases that support this rule.[7]

Cross-claimant answers Cross-defendant's argument that an interlocutory appeal involving Eleventh Amendment immunity divests the district court of jurisdiction with respect to all claims in the same case as the appealing defendant by noting that in the present case, Cross-claimant is not the party against which that defense was asserted. Cross-claimant argues that it should be able to proceed against the parish in district court regardless of the pending interlocutory appeal because Cross-claimant's cross-claim is not a "matter involved in the appeal."[8] Cross-claimant bases this argument on the fact that it was not "involved" in the motion to dismiss underlying that appeal.  *See* Memorandum in Opposition to Motion to Dismiss, at p.

---

[6] *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58.
[7] *Taylor v. Sterrett*, 640 F.2d 663, 667 (5th Cir. 1981); *see also*, *Royal Insurance of America v Quinn-L Capital Corp.*, 3 F.3d 877, 883 (5th Cir. 1993)(valid interlocutory appeal only divests district court of jurisdiction with respect to matters involved in the appeal).
[8] *Id.*

2. According to Cross-claimant, the only issue involved in the UDR Appeal is whether UDR can proceed against the Parish; therefore, Cross-claimant asserts, it is entitled to pursue its cross-claim.

Cross-claimant provides support for its position by citing *Pennhurst State School & Hosp. v. Halderman*, in which the Supreme Court stated that a "federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment."[9]  According to Cross-claimant, because Eleventh Amendment issues must be decided on a claim-by-claim basis, any ruling the Fifth Circuit makes regarding the Parish's UDR Appeal will not decide Eleventh Amendment issues with respect to Cross-claimant's claim against the Parish; therefore, Cross-claimant argues, Cross-claimant's claim against the Parish cannot be a matter involved in the appeal.

In the event that Cross-claimant's claims against the Parish are considered a "matter involved in the appeal," Cross-claimant proposes that its cross-claim should be stayed pending the Fifth Circuit decision on that appeal.  Cross-claimant argues that staying its claim would protect the Parish's alleged Eleventh Amendment rights and avoid unnecessary costs associated with forcing Cross-claimant to re-file its cross-claim.

## IV.   Law and Analysis

### A.   Law on Rule 12(b)(6) Dismissal

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), courts have found that dismissal pursuant to this provision "is viewed with disfavor and is rarely

---

[9]*Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 (1984).

granted."[10]  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true.[11]  A district court may not dismiss a complaint under FRCP 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[12]  The Fifth Circuit defines this strict standard as "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief."[13]  "In other words, a motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges the plaintiff's right to relief based upon those facts,…[w]hen considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must examine the complaint to determine whether the allegations provide relief on any possible theory."[14]

### B.    Analysis of the Court

Although a pending Eleventh Amendment immunity appeal divests a district court of jurisdiction with respect to all matters in which the specific immunity claim may be a defense, it does not divest the district court of jurisdiction with respect to all other matters regarding a particular defendant.  Because Cross-defendant is not in danger of being forced to undergo potentially unnecessary litigation as a result of a denial of its Motion to Dismiss and because the

---

[10]*Lowery v. Texas A&M University System*, 117 F.3d 242, 247 (5th Cir. 1997); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[11]*Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002); *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1980).

[12]*Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957); *Blackburn v. Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

[13]*Lowrey,* 117 F.3d at 247, *citing* 5 Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure, §1357, at 601 (1969).

[14]*Ramming*, 281 F.3d at 161-62.

Cross-defendant's pending appeal does not concern Shaw's claim against the Parish, the Motion to Dismiss is denied.

As Cross-defendant notes, interlocutory appeals based on immunity differ from other interlocutory appeals in that "the central issue in the appeal is the defendant's asserted right not to have to proceed to trial."[15]  This is because immunity, if applicable, does not simply free the claimant from any liability on the underlying issue, but also from the burdens of time-consuming pre-trial matters and the trial process itself.[16]  Therefore, immunity will be "effectively lost" if a case is erroneously permitted to proceed at the district court level while an interlocutory appeal of a denial of immunity is pending.[17]

In the present case, however, any decision the Fifth Circuit renders on the immunity claim Cross-defendant asserted against UDR will not be dispositive of Cross-claimant's claim against Cross-defendant or any immunity claim that Cross-defendant decides to assert against Cross-claimant.  As Cross-claimant notes, the Eleventh Amendment bar, even if applicable, acts to preclude individual claims rather than entire cases.[18]  Therefore, even if the Fifth Circuit rules that Cross-defendant has a valid immunity claim against UDR, any immunity claim Cross-defendant brings against Cross-claimant will be treated as a separate issue.

Moreover, as Cross-claimant notes, in all of the cases cited by Cross-defendant, the divestiture of jurisdiction was recognized over only claims being brought by the party or parties against which the immunity defense was asserted.  Cross-defendant cites Stewart and Williams to support its claim that the district court is divested of all jurisdiction with respect to a particular

---

[15]*Stewart*, 915 F.2d at 575-76.
[16]*Williams*, 996 F.2d at 730 n. 2.
[17]*Id.*
[18] *Pennhurst*, 465 U.S. 89, 11

defendant while an interlocutory appeal is pending.  In Stewart and Williams, however, the immunity issue was potentially dispositive of the entire case, and allowing the district court to proceed posed a danger of unnecessary litigation.  There is no such danger with the present case.  Therefore, Cross-defendant's right to be free from unnecessary litigation has no danger of being "effectively lost."

While Cross-claimant was named a third party defendant at the time the case was appealed, this fact alone does not divest the district court of jurisdiction with respect to Cross-claimant's claim against Cross-defendant.  As Cross-claimant correctly notes, the district court is not divested of jurisdiction with respect to a certain subject matter due to an interlocutory appeal unless the subject matter concerns a "matter involved in the appeal."[19]  In the present case, Cross-claimant's claim against Cross-defendant is not a matter involved in the pending appeal on the issue of any immunity Cross-defendant may have with respect to claims against it by UDR, because, as discussed, any immunity Cross-defendant may have with respect to Cross-claimant's cross-claim must be treated as a separate issue.

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss filed on behalf of Cross-defendant, the Parish of St. Tammany, be and the same is hereby **DENIED**.

New Orleans, Louisiana, this __11th__ day of July, 2007.

---

[19] *Taylor*, 640 F.2d at 667.

_____
**UNITED STATES DISTRICT JUDGE
G. THOMAS PORTEOUS, JR.**