UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED DISASTER RESPONSE, L.L.C** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-6075** |
| **OMNI PINNACLE, L.L.C. and** <br> **ST. TAMMANY PARISH** | **SECTION " T" (1)** |

## ORDER AND REASONS

Before the Court is a Motion for New Trial regarding this Court's July 11, 2007, Order denying St. Tammany Parish's Motion to Dismiss the cross-claim asserted against it by Shaw Environmental & Infrastructure, Inc. Rec. Doc. 47. Shaw Environmental & Infrastructure, Inc. (hereinafter, "Shaw") filed an Opposition to the Motion. Rec. Doc. 39. The Motion came for hearing without oral argument on September 5, 2007, and was submitted on the briefs. The Court, having considered the memoranda and arguments of the parties, the law, and applicable jurisprudence is fully advised in the premises and ready to rule.

**I.   BACKGROUND**

United Disaster Response, LLC (hereinafter, "UDR") filed this diversity action against Omni Pinnacle, LLC (hereinafter, "Omni") and St. Tammany Parish (hereinafter, "Parish") to recover amounts alleged to be due for performing debris removal after Hurricane Katrina. Rec. Doc. 1 at p. 1. UDR alleges that Omni and the Parish entered into a contract for debris removal and Omni in turn subcontracted UDR to perform the actual debris removal services. UDR alleges that neither the Parish nor Omni have paid UDR, in full, for its services. Rec. Doc. 1 at pp. 1-2. Accordingly, the action seeks monies in excess of $3 million dollars.

Omni answered the action and filed a cross-claim against the Parish alleging that it breached its contract with Omni by failing and/or refusing to pay amounts due or alternatively, *quantum*

*meruit* and for indemnity and contribution. Rec. Doc. 11 at pp. 18-15. Omni also filed a third-party claim against Shaw, the subcontractor in charge of monitoring all debris work, for breach of its alleged duty to accurately verify all load tickets approved for work by Omni's subcontractors and alternatively, for negligent misrepresentation. Rec. Doc. 11 at pp. 26-28. Shaw answered and filed a cross-claim against the Parish for unpaid invoices. Rec. Doc. 38.

On January 17, 2007, the Parish filed a FRCP 12(b) Motion to Dismiss the claims raised against it by UDR arguing that it is immune from suit under the Eleventh Amendment and further, that this court lacked jurisdiction because a forum selection clause contained in the contract between UDR and the Parish provides that any claims raised against the Parish must be brought in the Louisiana 22nd Judicial District Court. Rec. Doc. 10. Judge Lemelle denied this Motion and the Parish appealed. Rec. Doc. 28 at pp. 3-4 and Rec. Doc. 31.

On May 30, 2007, after the Notice of Appeal was filed on the Parish's first Motion to Dismiss, the Parish filed a Motion to Dismiss the cross-claims brought by Shaw arguing that any action against the Parish was stayed pending the interlocutory appeal of Judge Lemelle's Order to the Fifth Circuit on the issue of the Parish's immunity defense. Rec. Doc. 39. On July 11, 2007, the Court denied the Motion stating that the Parish's pending appeal against UDR is a separate issue that does not concern Shaw's claim against the Parish. Rec. Doc. 46.

On July 27, 2007, the Parish filed the instant Motion pursuant to FRCP 59 arguing a new trial should be granted because: (1) it is immune from suit under the Eleventh Amendment and common law sovereign immunity; (2) the forum selection clause in the contract provides that the Louisiana 22nd Judicial District Court is the exclusive jurisdiction for this action and therefore, this Court is the improper forum; and (3) the Court erred in determining that it has jurisdiction of the issues raised

2

by Shaw against the Parish pending the appeal to the Fifth Circuit.  The Parish argues that the appeal in the Fifth Circuit regarding UDR and OMNI's claims against the Parish will be dispositive of all issues in the litigation with Shaw and therefore, Shaw cannot and should not be allowed to proceed against the Parish for the claims raised herein. Rec. Doc. 48.

Shaw filed a an opposition arguing that the Parish failed to satisfy its burden of proving the requirements for reconsideration.  Rec. Doc. 49.

**II.    LAW AND ANALYSIS**

Although the Parish has termed the instant Motion as one for a new trial pursuant to FRCP 59, the Motion was filed outside the ten day time period provided for in the Rule.  Nevertheless, a motion filed after judgment requesting that the court reconsider its decision constitutes either a motion to "alter or amend" under FRCP 59(e) or a motion for "relief from judgment" under FRCP 60(b).  *Texas A&M Research Foundation v. Magna Transp., Inc.,* 338 F.3d 394, 400-401 (5 th Cir 2003).  "Under which Rule the motion falls turns on the time at which the motion is [filed].  If the motion is [filed no later than] ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is [filed] after that time, it falls under Rule 60(b)."  *Id, citing Lavespere v. Niagara Mach. & Tool Works, Inc*., 910 F.2d 167, 173 (5th Cir.1990), abrogated on other grounds by *Little v. Liquid Air. Corp*., 37 F.3d 1069 (5th Cir.1994) (en banc).  Here, the Parish's motion was filed more than ten days after the entry of the Order, so the Court  treats it as a motion for relief from judgment under rule 60(b).

Federal Rules of Civil Procedure Rule 60(b) provides the following grounds for relief from an Order of the Court:

> Rule 60. Relief from a Judgment or Order

>(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>(1) mistake, inadvertence, surprise, or excusable neglect;
>(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>(4) the judgment is void;
>(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>(6) any other reason that justifies relief.

The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts. *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 401 (5th Cir. 1981). "[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion." *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir.1996) (en banc) (citations omitted).

The Parish has not demonstrated that any of the prerequisites for granting a FRCP 60(b) Motion are met. There has been no showing that this Court's Order was based upon a mistake, newly discovered evidence or fraud. Additionally, FRCP 60(b)(4) and (5) are not applicable. Moreover, since the time the instant Motion was filed, the United States Fifth Circuit affirmed Judge Lemelle's decision on the Motion to Dismiss the claims of UDR finding that "political subdivisions that have waived common law immunity, but that do not enjoy Eleventh Amendment immunity under federal law, can be sued in federal courts under diversity jurisdiction without regard to state statutory provisions to the contrary." *See* Fifth Circuit's Opinion, Civil Action No. 07-30348 at pp.

9-10.

The Parish's Motion to Dismiss the cross-claims by Shaw argued **only** that Shaw was "prohibited from bringing its cross-claim against the Parish as any action against the Parish is presently stayed due to a pending interlocutory appeal under the collateral order doctrine of this Court's denial of the Parish's immunity defense." Rec. Doc. 39 at p. 5.  In light of the Fifth Circuit's ruling on the appeal by the Parish, Shaw is no longer prohibited from raising its cross-claim and the Parish's argument that the action is stayed because of an appeal on the immunity issue is moot. Accordingly, any reconsideration of this Court's order denying the Parish's Motion to Dismiss on the issue of whether the cross-claim should be stayed pending appeal is also moot.  Because the Parish's Motion to Dismiss did not raise the immunity arguments nor the arguments related to the forum selection clause but only that any cross-claim by Shaw should be dismissed or stayed pending the interlocutory appeal, this Court did not consider whether immunity or the forum selection clause is applicable to the claims by Shaw against the Parish.  Such matters, while raised in the instant Motion for New Trial, were not decided on review of the Parish's Motion to Dismiss and are not before the Court at this time in a dispositive motion.  As such, the Parish is not precluded from bringing this Motion at a later date.  It is this Court's finding that the Parish's Motion for New Trial is **DENIED** as **MOOT** for the reasons stated herein.

Accordingly,

**IT IS ORDERED** that the Motion for Reconsideration (Rec. Doc. 48) is **DENIED** as **MOOT.**

New Orleans, Louisiana this 7th day of March, 2008.

_____
G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE