```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**UNITED DISASTER RESPONSE, L.L.C**                    **CIVIL ACTION**

**VERSUS**                                             **NO. 06-6075**

**OMNI PINNACLE, L.L.C. and**
**ST. TAMMANY PARISH**                                 **SECTION "B" (1)**

## ORDER AND REASONS

Before the Court is a Motion to Dismiss pursuant to FRCP 12(b)(6) or alternatively, a Motion for Summary Judgment pursuant to FRCP 56 filed by Defendant, St. Tammany Parish.  Rec. Doc. 66.  The Motion requests dismissal of all claims brought against St. Tammany by Plaintiff, United Disaster Response, L.L.C.  The Motion is opposed.  Rec. Doc. 79.  For the following reasons, the Motion is denied in part and granted in part.

### I.   BACKGROUND

United Disaster Response, LLC ("UDR") filed this diversity action against Omni Pinnacle, LLC ("Omni") and St. Tammany Parish ("St. Tammany") to recover amounts alleged to be due to UDR for performing debris removal after Hurricane Katrina.  Post-storm, Omni and St. Tammany activated a contract for debris removal and disposal.  Omni in turn subcontracted UDR to perform a portion of the work under the contract.  UDR alleges that neither St. Tammany nor Omni have paid UDR, in full, for its services.  The Complaint alleges St. Tammany breached its duty to require Omni to furnish a payment bond under the Louisiana Public Works Act and that the Parish is liable to UDR in *quantum merit* and unjust enrichment.

On January 17, 2007, St. Tammany filed a FRCP 12(b)(6) Motion to Dismiss arguing that it is immune from suit under the Eleventh Amendment and that this court lacked jurisdiction due to a forum selection clause in the contract between St. Tammany and Omni providing that the Louisiana 22nd Judicial District Court "shall be the court of original jurisdiction of any litigation originated under this contract."

This Court denied St. Tammany's Motion on March 14, 2007, finding that it was not immune from suit and that the forum selection clause did not divest this Court of jurisdiction. Rec. Doc. 28. This ruling was immediately appealed.

The Fifth Circuit affirmed the decision on the Eleventh Amendment Immunity issue and dismissed the appeal on the forum selection issue for lack of jurisdiction on December 12, 2007. The opinion was revised January 16, 2008, and St. Tammany's petition for rehearing was denied. The Fifth Circuit's Judgment issued as Mandate on February 12, 2008. The United States Supreme Court denied a writ of certiorari on June 23, 2008.

After the Fifth Circuit's decision, but before the mandate issued, Judge Barbier in *Top Branch Tree Service & Landscaping, Inc. v. Omni Pinnacle, et. al.*, Civil Action 06-3723, ("Top Branch", a separate case brought by another subcontractor contracted to do debris removal work in St. Tammany Parish post-Katrina, found that the same forum selection language at issue here

provides that the 22nd Judicial District Court is the exclusive jurisdiction for litigation arising under the contract.  That action was dismissed without prejudice and it is the Court's understanding that the action has been refiled in the 22nd Judicial District Court.

Judge Barbier made his decision on February 6, 2008.  On that same date, St. Tammany filed the instant Motion to Dismiss.

St. Tammany argues that UDR does not have a claim against it under LSA-R.S. § 38:2241, *et seq.*, the Louisiana Private Works Act ("the Act"), for its failure to require Omni to procure a statutory bond.  St. Tammany submits that Louisiana's public contract law requires UDR to show that St. Tammany made final payment to Omni prior to any cause of action under LSA-R.S. § 38:2241, *et seq.* arising.  Because no final payment has been made, St. Tammany argues the claim for failure to require Omni to post a bond is without merit.

St. Tammany next argues that UDR has failed to state an unjust enrichment/*actio de in rem verso* claim because UDR has an adequate remedy at law; namely, its breach of contract action against Omni on the contract between Omni and UDR.

Additionally, St. Tammany argues that the claim for *quantum meruit* must be dismissed because it is not recognized as a cause of action in Louisiana.

Finally, St. Tammany asserts that Judge Barbier's decision in

*Top Branch* requires Omni and all its subcontractors to file suit in the 22nd Judicial District Court, Parish of St. Tammany, for litigation originating under the Omni/St. Tammany contract. Because that judgment is final, St. Tammany asserts that the doctrine of collateral estoppel precludes UDR from pursuing St. Tammany in this forum and precludes this Court from deciding the forum selection issue differently.

UDR counters that the federal rules preclude St. Tammany from filing this second Motion to Dismiss as it should have included all Rule 12 objections in the first Motion.

Next, UDR argues that it has an unjust enrichment claim because it seeks payment for work performed outside the contract and not covered by the contract. Because it has no remedy at law to recover for this alleged un-contracted for work, UDR argues it has an unjust enrichment/*action de in rem verso* claim.

UDR argues the collateral estoppel doctrine does not apply to the dispute between it and St. Tammany because UDR was not a party to the *Top Branch* case and, therefore, not given the opportunity to fully and fairly litigate the forum selection clause issue in the *Top Branch* proceeding. Further, UDR argues that this Court's prior decision on the forum selection clause issue is "law of the case".

Finally, UDR argues that it can and does state a claim against St. Tammany for violations of LSA-R.S. § 38:2241, *et seq*. UDR submits that St. Tammany's interpretation of the Act is not

supported by the language of the Act or the Louisiana jurisprudence. UDR argues that the language in LSA-R.S. § 38: 2242 provides the circumstances under which St. Tammany shall be liable and places no limitation upon when a subcontractor can file suit. Further, UDR asserts that the legislation and jurisprudence recognize that an owner has liability to subcontractors when the owner has knowledge of liens and claims and has contract funds in its possession, but fails to pay as St. Tammany has done.

## II.  LAW AND ANALYSIS

Dismissal pursuant to FRCP 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowery v. Texas A&M University System*, 117 F.3d 242, 247 (5th Cir. 1997); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true. *Oliver v. Scott,* 276 F.3d 736, 740 (5th Cir.2002); *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1980). When evaluating a Rule 12(b)(6) motion to dismiss, the Court must accept as true all well-pleaded allegations and resolve all doubts in favor of the plaintiff. *Tanglewood East Homeowners v. Charles-Thomas, Inc.*, 849 F.2d 1568, 1572 (5th Cir. 1988). The Court cannot dismiss a complaint under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff cannot prove a plausible set of facts in support of his claim which would entitle him to relief.

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

    **A.   Collateral Estoppel**

The purpose of the collateral estoppel rule is to protect the integrity of a prior judgment by precluding the possibility of opposite results on the same facts. The doctrine does not work in reverse to compel a court to change a prior decision fully litigated, although not final. *See Cycles Ltd. v. Navistar Financial Corporation, et al.*, 37 F. 3d 1088 (5th Cir. 1994). Accordingly, the doctrine does not require that this Court change its prior ruling.

Additionally, St. Tammany's collateral estoppel argument fails because the facts do not trigger the doctrine. Three elements must be satisfied for collateral estoppel to apply: (1) the issue at stake is identical to the one involved in the earlier action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in that action. Collateral estoppel does not apply against a party in a subsequent action if the party against whom the estoppel is asserted never had a full and fair opportunity to litigate the issue in the prior action and if application of the doctrine will result in an injustice to the party against whom it is asserted under the particular circumstances of the case. *Rachal v. Hill*, 435 F.2d 59, 63 (5th Cir. 1970). The collateral estoppel

doctrine is not applicable here because UDR was not a party to the *Top Branch* action and thus, never given a full and fair opportunity to litigate the forum selection clause issue in that case.

Finally, in this case this Court previously ruled on the exact forum selection clause at issue and denied St. Tammany's Motion to Dismiss finding that the clause did not mandate that the 22nd Judicial Court is the exclusive jurisdiction. St. Tammany has presented no persuasive argument for the Court to reconsider its prior position and ruling on this issue.

**B. *Quantum Meruit* Claims**.

Louisiana courts have attempted to alleviate the "confusion and inconsistency" in use of the term *quantum meruit* and have found that *quantum meruit* as a substantive basis of recovery is viewed with disfavor in Louisiana. *SMP Sales Management, Inc. v. Fleet Credit Corp.*, 960 F. 2d 557 (5th Cir. 1992 ); *Folgeman v. Cajun Bag & Supply Company*, 638 So. 2d 706, 707-08 (La. App. 3rd Cir. 6/15/1994)(pointing out that *quantum meruit* on a substantive basis for recovery is disfavored by Louisiana law).

UDR does not address dismissal of the *quantum meruit* claims in its Opposition, but does address the unjust enrichment claims. To the extent UDR is seeking a common law *quantum meruit* cause of action, the claim is dismissed because it is not a cause of action recognized by Louisiana law. Thus, St. Tammany's Motion to Dismiss the *quantum meruit* claims is granted. Further, any argument that

the Court should apply the descriptive *quantum meruit* as a measure of compensation is premature as there has been no finding of an implied contract or a contract where there was no price or no agreement as to compensation had been reached.

### C. Cause of Action under La. R.S. § 38:2241, *et seq*. and Unjust Enrichment.

UDR's Complaint alleges that St. Tammany contracted with Omni for the construction, alteration or repair of public works after Hurricane Katrina. As such, UDR asserts that under LSA-R.S. § 38:2241, St. Tammany had a duty to require Omni to furnish a bond with a solvent surety in an amount not less than fifty percent of the contract price for the payment by Omni to UDR. UDR alleges that St. Tammany breached its duty to Omni's subcontractors, including UDR, when it failed to obtain the payment bond and further, this breach is alleged to have damaged UDR by denying it statutory protection from the risk of Omni's non-payment. UDR requests damages in an amount not less than $3, 247, 397, 86 or the amount it claims it is owed for work performed, but not paid.

Neither party address whether or not the contract in place is in fact a "public works" contract as that term is defined in the Act. Omni has brought to the Court's attention, in a supplemental opposition memo to St. Tammany's Motion to Dismiss Omni, (Rec. Doc 128) that the contract in dispute is not a "public works" contract and in support cites to the Louisiana Third Circuit's decision in *Regency Construction, Inc. v. Lafayette City-Parish Consolidated*

*Government*,2003-313, (La. App. 3rd Cir. 2003) 847 So 2d 796, and an Opinion from the Louisiana Attorney General's office. *See* Exhibit "F" attached to Rec. Doc. 128.  Neither St. Tammany nor UDR address this is issue in their briefing.  If in fact the contract at issue is not a "public works" contract governed by the Louisiana Public Works Act, then UDR's claims under the Act may fail.  On the other hand, if the contract falls under the Act, the Court will need to address the arguments raised by St. Tammany.  The current briefing does not address this issue and does not fully apprise the Court of the parties positions.

Further, assuming the contract is a public works contract, the parties did not apprise the Court of whether the Act has been triggered by UDR in meeting the requirements of Section 2242 (B) because the Complaint does not state whether or not UDR timely recorded the claim as mandated by that section.

Additionally, in the event the Act applies, there is case law showing that the Louisiana Private Works Act, LSA-R.S. § 38:2241, *et seq.*, provides the "exclusive remedies available to parties proceeding thereunder." *See Siemens Building Technologies, Inc. v. Jefferson Parish, et al*, 298 F. Supp. 2d 415, 419-420 (E.D. La. 2004).  If the Act is exclusive, then all other remedies UDR assert may be precluded.  Neither party addresses the exclusively argument.

Finally, in the event the Act is applicable, UDR's unjust

enrichment claim may fail because it would have a remedy at law. *See Board of Supervisors of Louisiana State University and Agricultural and Mechanical College v. Louisiana Agricultural Finance Authority,* 2007-0107 (La. App. 1st Cir. 2008), – So 2d. –, 2008 WL 398893.  The parties do not address whether the unjust enrichment claim is precluded if there is a cause of action under the Act.

Accordingly, the Court is denying St. Tammany's Motion to Dismiss UDR's claims under the Louisiana Public Works Act and for unjust enrichment without prejudice at this time.  St. Tammany shall refile the motion and set it for the Court's September 3, 2008, hearing date to address **only** whether the claims are precluded because the contract at issue is not a public works contract, whether, if the Act applies, it is exclusive and bars all of UDR's remaining claims and if the Act applies whether the unjust enrichment action is barred.  UDR shall timely file an opposition addressing these issues.

### III. Conclusion.

St. Tammany Parish's Motion (Rec. Doc. 66) is denied in so far as it requests dismissal based upon collateral estoppel, dismissal of the Louisiana Public Works Act claims and dismissal of the unjust enrichment claims.  The Motion is granted on the *quantum meruit* claims.  The Motion is denied without prejudice on the Louisiana Public Works Act and unjust enrichment claims and St.

Tammany is ordered to refile its Motion and set it for the Court's September 3, 2008, hearing date to address the issues raised by the Court.  UDR shall timely file an opposition.

Accordingly,

**IT IS ORDERED** that St. Tammany's Motion to Dismiss is **granted in part** and **denied in part.**  The Motion is granted as to the *quantum meruit* claims and denied as to all other relief.  The Motion is denied without prejudice on the claims under the Louisiana Public Works Act and for unjust enrichment.

**IT IS FURTHER ORDERED** that St. Tammany refile its Motion to Dismiss to address **only** the issues raised by the Court in this Order and set it for the Court's September 3, 2008, hearing date.  UDR shall timely file an opposition to the Motion.

New Orleans, Louisiana, this 31st day of July, 2008.

**IVAN L. R. LEMELLE**
**UNITED STATES DISTRICT JUDGE**