```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA
```

**UNITED DISASTER RESPONSE, L.L.C**                       **CIVIL ACTION**

**VERSUS**                                                **NO. 06-6075**

**OMNI PINNACLE, L.L.C. and**
**ST. TAMMANY PARISH**                                    **SECTION "B" (1)**

<u>**ORDER AND REASONS**</u>

Before the Court is a Motion to Dismiss pursuant to FRCP 12(b)(6) or alternatively, a Motion for Summary Judgment pursuant to FRCP 56 filed by Cross-Defendant, St. Tammany Parish. Rec. Doc. 103. The Motion requests dismissal of the cross-claims brought against St. Tammany Parish by Shaw Environmental & Infrastructure, Inc. The Motion is opposed. Rec. Doc. 112. For the following reasons, the Motion is denied.

**I.   BACKGROUND**

United Disaster Response, LLC ("UDR") filed this diversity action against Omni Pinnacle, LLC ("Omni") and St. Tammany Parish ("St. Tammany") to recover amounts alleged to be due to UDR for performing debris removal after Hurricane Katrina. Post-storm, Omni and St. Tammany activated a contract for debris removal and disposal. Omni in turn subcontracted UDR to perform a portion of the work under the contract. UDR alleges that neither St. Tammany nor Omni have paid UDR, in full, for its services.

In addition to is contract with Omni, St. Tammany also contracted with Shaw Environmental & Infrastructure, Inc. ("Shaw") to perform, under two separate contracts, monitoring services in

connection with the debris removal work of Omni and its subcontractors. Shaw was contracted on an emergency basis on September 9, 2005 pursuant to the Emergency Contract. It is alleged that the Emergency Contract was entered into because of the incredible amount of debris requiring removal after the storm, the adverse effect this debris had on the ability of St. Tammany to function properly, and St. Tammany's inability to provide monitoring of the debris removal work. A directive was issued under the Emergency Contract expressly requesting that Shaw monitor removal and disposal of debris under the contract between Omni and St. Tammany.

After the emergent nature of the work abated, St. Tammany issued a request for bids seeking a contractor to perform monitoring of loading sites, dump sites, to certify the capacity of trucks for hauling debris, to monitor supervisors, and to monitor project coordinators. Shaw won that bid and entered into another contract with St. Tammany on November 15, 2005, ("November 15, 2005 Contract").

In this action, Omni filed a cross-claim against St. Tammany and a third-party demand against Shaw, who in turn filed a cross-claim against St. Tammany. Shaw's cross-claim, filed May 2, 2007, alleges that it performed as required under both contracts; however, St. Tammany failed to pay all sums invoiced in excess of $ 9 million. Shaw alleges that St. Tammany is liable to it for

breach of contract, enrichment without cause, and detrimental reliance.

Prior to the filing of Shaw's cross-claim against St. Tammany, St. Tammany filed a FRCP 12(b)(6) Motion to Dismiss this action arguing that it is immune from suit under the Eleventh Amendment and that this court lacked jurisdiction due to a forum selection clause in the contract between St. Tammany and Omni providing that the Louisiana 22nd Judicial District Court "shall be the court of original jurisdiction of any litigation originated under this contract."

This Court denied St. Tammany's Motion on March 14, 2007, finding that it was not immune from suit and that the forum selection clause did not divest this Court of jurisdiction because the clause does not demonstrate an intent to make the 22nd Judicial District Court the exclusive jurisdiction.  Rec. Doc. 28.  This ruling was immediately appealed.

The Fifth Circuit affirmed the decision on the immunity issue and dismissed the appeal on the forum selection issue for lack of jurisdiction on December 12, 2007.  The opinion was revised January 16, 2008, and St. Tammany's petition for rehearing was denied.  The Fifth Circuit's Judgment issued as Mandate on February 12, 2008.  The United States Supreme Court denied certiorari on June 23, 2008.

While the case was on appeal to the Fifth Circuit, St. Tammany filed a Motion to Dismiss the cross-claim by Shaw arguing that Shaw

was prohibited from bringing claims against St. Tammany because the action was stayed pending appeal.  Rec. Doc. 39.  That Motion was denied (Rec. Doc. 46) and reconsideration not granted. Rec. Doc. 48. In its argument for reconsideration, St. Tammany argued, *inter alia*, that Shaw was precluded from bringing its cross-claim due to the forum selection clause and St. Tammany's immunity.  Because the only reason for requesting dismissal was the stay due to appeal, this Court held it could not consider new arguments raised for the first time on a Motion for Reconsideration; however, the Court stated that St. Tammany could file a Motion to Dismiss raising those issues.  The instant Motion followed shortly thereafter.

After the Fifth Circuit's dismissal of St. Tammany's appeal on the forum selection clause issue, but before the mandate issued, Judge Barbier in a separate case brought by another subcontractor who was contracted to do tree removal work in St. Tammany Parish post-Katrina, found that the same forum selection language at issue in this suit provides for the 22nd Judicial District Court as the exclusive jurisdiction for litigation arising under the contract.[1] As such, Judge Barbier dismissed the action without prejudice.[2]

St. Tammany argues that the forum selection clause in its

---

[1] In that case, the plaintiff, Top Branch Tree Services, was the subcontractor of Smoak Brothers who was contracted by Omni to perform tree removal services in St. Tammany Parish post-hurricane.  Top Branch sued Omni, St. Tammany Parish and Smoak Brothers. The defendants then filed cross-claims against each other.

[2] In so finding, Judge Barbier noted but rejected this Court's ruling that the same clause did not clearly demonstrate the intent of the parties to make the 22nd Judicial District Court the exclusive jurisdiction.

contracts with Shaw prohibit Shaw from suing St. Tammany in any court other than 22nd Judicial District Court for the Parish of St. Tammany.  St. Tammany submits that the language is clear that all disputes concerning the matters in question between the parties shall be in the 22nd Judicial District Court.  Accordingly, St. Tammany argues that any other venue or jurisdiction other than the 22nd Judicial District Court is improper.

Further, St. Tammany asserts that the contract between it and Shaw provides that "[i]t is understood and agreed that the laws and ordinances of St. Tammany shall apply."  St. Tammany argues that the General Conditions of St. Tammany Parish include Section 33.03 which states that the "...Parish of St. Tammany shall be the court of original jurisdiction of any litigation originated under this contract."  St. Tammany argues that this provision is incorporated into the Shaw contracts and further indicate the that 22nd Judicial District Court is the exclusive jurisdiction for all claims.

Next, St. Tammany argues Judge Barbier's decision in *Top Branch Tree Service & Landscaping, Inc. v. Omni Pinnacle, Et. Al.*, Civil Action 06-3723, Rec. Doc. 67 ("Top Branch")bars Shaw from suing St. Tammany in any court other than 22nd Judicial District Court pursuant to the doctrine of collateral estoppel.  St. Tammany submits that the issues regarding the forum selection clause in the Judge Barbier case are the same as in this litigation and the issues were fully and vigorously litigated.  Further, because Judge

Barbier's decision is a final judgment, St. Tammany asserts that this Court is precluded from issuing a different decision on the forum selection clause.

Shaw submits that its claims are under two separate contracts which have different language and should not be read together. Shaw submits that St. Tammany has not paid for all work under either contract.

According to Shaw, the Emergency Contract does not contain a forum selection clause or any other clause prohibiting Shaw from seeking its claims in this jurisdiction. Further, Shaw argues that St. Tammany does not attack the merits of Shaw's claim underneath this contract. Because St. Tammany has failed to state an adequate ground for dismissal, Shaw requests the Motion be denied as to the claims under the Emergency Contract.

As to the November 15 Contract, Shaw argues that the forum selection clause in that contract does not clearly indicate the parties intent to make the 22nd Judicial District Court the exclusive jurisdiction.

Regarding the General Conditions argument, Shaw argues that there is no basis for St. Tammany's assertion that the Section 33.03 of the General Conditions of St. Tammany Parish is incorporated into its contract. Shaw submits there has been no evidence submitted that the Parish's General Conditions have been adopted as a law or ordinance or otherwise incorporated by

reference into all St. Tammany Parish contracts. Even assuming Section 33.03 is incorporated, Shaw argues that the provision in Section 33.03 has previously be found by this Court to not divest this Court of jurisdiction because is does not demonstrate an intent to make the 22nd Judicial District Court the exclusive jurisdiction.

Shaw argues Judge Barbier's decision does not have a collateral estoppel effect on the cross-claim it has brought because it was not a party to that litigation nor was it privy with a party in that litigation. Alternatively, Shaw argues that if the Court finds that the forum selection issue on the November 15 Contract favors St. Tammany, then judicial efficiency mandates that the case remain in this Court because the Emergency Contract Claims will remain in this lawsuit. Thus, dismissing the November 15 Contract claims, which are based on the same or similar issues as the Emergency Contract claims, would serve only to handle the claims in a piecemeal fashion, would run the risk of inconsistent judgments, and would make little sense in terms of judicial economy, economy to the parties, and convenience of the parties and witnesses.

Finally, Shaw argues that St. Tammany's Motion for Summary Judgment is premature because no discovery has commenced and St. Tammany has failed to answer.

**II.   LAW AND ANALYSIS**

Dismissal pursuant to FRCP 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowery v. Texas A&M University System*, 117 F.3d 242, 247 (5th Cir. 1997); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true. *Oliver v. Scott,* 276 F.3d 736, 740 (5th Cir.2002); *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1980). When evaluating a Rule 12(b)(6) motion to dismiss, the Court must accept as true all well-pleaded allegations and resolve all doubts in favor of the plaintiff. *Tanglewood East Homeowners v. Charles-Thomas, Inc.*, 849 F.2d 1568, 1572 (5th Cir. 1988). The Court cannot dismiss a complaint under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff cannot prove a plausible set of facts in support of his claim which would entitle him to relief. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

   **(A).   Emergency Contract.**

The parties do not dispute that the Emergency Contract did not contain a forum selection clause within the agreement. Rather, it is St. Tammany's position that the General Conditions of St. Tammany Parish, and specifically Section 33.03, are incorporated into that contract as an ordinance of St. Tammany and part of the

local law applicable to all contractors operating in St. Tammany. In support, St. Tammany cites to the following language in the St. Tammany Parish General Conditions at Section 31.01:

**INTENTION OF THESE GENERAL CONDITIONS**

> These General Conditions shall be applicable to all contracts entered into and between the Owner and Contractors for public improvements, except as may be altered or amended with the consent of the representative Owner, and provided for in the Special Conditions of each contract. Contractor shall be presumed to have full knowledge of these General Conditions which shall be applicable to all contracts herein and attached whether it has obtained a copy therefor or not.

Assuming, without deciding, that the General Conditions do apply to the Emergency Contract and that such application is valid under Louisiana law, St. Tammany's Motion fails because the forum selection clause located in General Conditions, Section 33.03, does not express the intent to make that jurisdiction exclusive. *See City of New Orleans v. Municipal Administrative Services*, 376 F. 3d 501, 504 (5th Cir. 2004). In a prior Motion in this case, on this same forum selection clause in the General Conditions Section 33.03, St. Tammany asked this Court to dismiss arguing that this language evidences an intent to make the 22nd Judicial District Court the exclusive jurisdiction. This Court denied that request finding that the clause did not "demonstrate an intent to make [the 22nd Judicial District Court the exclusive jurisdiction]." See Rec. Doc, 28 at p. 4. St. Tammany has presented no persuasive argument

9

for the Court to reconsider its prior decision on this issue.

Further, St. Tammany's collateral estoppel argument is rejected. The purpose of collateral estoppel is to protect the integrity of the prior judgment by precluding the possibility of opposite results on the same facts. Collateral estoppel requires three elements: (1) the issue at stake is identical to the one involved in the earlier action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in that action. Collateral estoppel does not require mutuality between the parties in the prior action and the parties in the subsequent action. *St. Bernard Citizens for Envtl. Quality, Inc. v. Chalmette Ref., L.L.C.*, 500 F. Supp. 2d 592, (E.D. La. 2007). Collateral estoppel will not apply against a party in a subsequent action if the party against whom the estoppel is asserted never had a full and fair opportunity to litigate the issue in the prior action and if application of the doctrine will result in an injustice to the party against whom it is asserted under the particular circumstances of the case. *Rachal v. Hill*, 435 F.2d 59, 63 (5th Cir. 1970).

The collateral estoppel doctrine is not applicable here because Shaw was not a party nor privy with a party in the *Top Branch* action and thus, never given a full and fair opportunity to litigate the forum selection clause issue in that case.

Other than requesting dismissal on the forum selection clause issue, St. Tammany does not assert any other reason for the Court to dismiss Shaw's cross-claim.  Accordingly and for the reasons stated herein, St. Tammany's Motion to Dismiss Shaw's cross-claims related to the Emergency Contract is **denied.**

**(B).**      **November 15, 2005 Contract.**

The November 15, 2005 Contract provides, in pertinent part:

> **VII. OTHER TERMS AND CONDITIONS**
>
> F. If there is any dispute concerning this agreement, the laws of Louisiana shall apply. Proper venue and jurisdiction for all lawsuits, claims disputes, and other matters in question between the parties to this agreement or any breach thereof shall be in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana.

*See* Exhibit "3" attached to Rec. Soc. 38 at p. 5

For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties intent to make that jurisdiction exclusive. *City of New Orleans, v. Municipal Administrative Services, Inc.*, 376 F.3d 501, 504 (5th Cir. 2004). The clause at issue does not clearly demonstrate the parties intent to make the 22nd Judicial District Court the exclusive jurisdiction. The use of the words "shall be" alone is not sufficient to find the clause to be exclusive.  Indeed, this Court, in this same litigation, previously ruled on a forum selection clause worded very similar and indicating that the jurisdiction

11

"shall be" the 22nd Judicial District Court. This Court found such language did not evidence an intent to make that jurisdiction exclusive. *See* Rec. Doc. 28 at p. 4.

The forum selection clause located in the November 15, 2005, Contract merely expresses the intent to recognize the 22nd Judicial District as "a" court of jurisdiction as opposed "the" court of jurisdiction. Accordingly, the clause does not demonstrate an intent to make that jurisdiction exclusive and thus, does not divest this Court of original jurisdiction pursuant to 28 U.S.C. § 1332.

In its reply, St. Tammany raises a new argument concerning *res judicata*. St. Tammany argues that *res judicata* is applicable even though Shaw was not a party to the *Top Branch* litigation because Shaw should be considered in privy with St. Tammany. The Fifth Circuit has found that a non-party is in privy with a party for *res judicata* purposes in three instances: (1) if he is a successor in interest to the party's interest in the property; (2) if he controlled the prior litigation; or (3) if the party adequately represented his interests in the prior proceeding. *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 188 (5th Cir. 1990). St. Tammany could not adequately represent Shaw's interest on the forum selection clause because Shaw opposes St. Tammany's position on the issue. Accordingly, St. Tammany's and Shaw were not in privy with each other in the Top Branch case and the *res judicata*

argument is without merit.

Other than requesting dismissal on the forum selection clause issue, St. Tammany does not assert any other reason for the Court to dismiss Shaw's cross-claim on the November 15, 2005 Contract. For the reasons stated herein, St. Tammany's Motion to Dismiss Shaw's cross-claims related to the November 15, 2005 Contract is **denied.**

Accordingly,

**IT IS ORDERED** that St. Tammany Parish's Motion to Dismiss (Rec. Doc. 103) is **DENIED**.

New Orleans, Louisiana, this 31st day of July, 2008.

*[signature]*

**IVAN L. R. LEMELLE**
**UNITED STATES DISTRICT JUDGE**